IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
WALDO FENNER,                        )
                                     )
                 Plaintiff,          )
                                     )
           v.                        )         1:10CV369
                                     )
DURHAM COUNTY DETENTION CENTER and   )
CAPT. BAZESMORE,                     )
                                     )
                 Defendants.         )
```

**MEMORANDUM OPINION, ORDER, AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Docket Entry 1), filed in conjunction with Plaintiff's pro se form Complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Docket Entry 2). The Court will grant Plaintiff's request to proceed as a pauper for the limited purpose of recommending dismissal of this action, under 28 U.S.C. § 1915(e)(2), as frivolous and for failing to state a claim.

LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (quoting Adkins v. E.I. DuPont de Nemours & Co.,

335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (some internal quotation marks omitted).

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(e)(2)(b)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint). Accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 129 S. Ct. at 1950, respectively)), cert. denied, 130 S. Ct. 2064 (2010).

## PLAINTIFF'S COMPLAINT

Plaintiff's Complaint alleges that Defendants violated Title VII by failing to employ him. (Docket Entry 2 at 2.) In two places, the Complaint identifies the alleged unlawful discrimination as based on his "arrest record." (Id. at 2, 3.) The Complaint also asserts that Plaintiff's claim arose from discrimination as to his "race" and "sex." (Id. at 3.) In the portion of the form that solicits "[t]he nature of [the] complaint, i.e., the manner in which [Defendants] discriminated against [Plaintiff] in terms of the conditions of [his] employment," the Complaint states only as follows: "Capt. Bazesmore being head of security for the Durham County Detention Center discriminated against me based on my arrest record, sexual orientation." (Id. at 4.) The Complaint contains no other factual allegations regarding the nature of any alleged discrimination. (See id. at 1-5.) Plaintiff thereafter filed a document styled as a "Statues [sic] Report," which states only that Plaintiff filed a suit against Defendants "for discrimination of employment based on an arrest record." (Docket Entry 4 at 1.)

## DISCUSSION

Title VII does not apply to claims of employment discrimination based on a job applicant's "arrest record" or "sexual orientation." See 28 U.S.C. § 2000e-2(a) (identifying only "race, color, religion, sex, [and] national origin" as classes

4

subject to protection from employment discrimination); Parks v. New York City Dep't of Corr., 253 Fed. Appx. 141, 143 (2d Cir. 2007) (affirming district court's conclusion "that Title VII does not cover alleged discrimination on the basis of an employee's arrest record"); Wrightson v. Pizza Hut of Am., Inc., 99 F.3d 138, 143 (4th Cir. 1996) (agreeing that "Title VII does not afford a cause of action for discrimination based upon sexual orientation"). Further, to the extent Plaintiff's Complaint alleges discrimination based on "race" and "sex" (prohibited forms of employment discrimination under Title VII, see 28 U.S.C. § 2000e-2(a)), it does so only in a conclusory fashion without any supporting factual allegations. Such claims clearly fail to meet the requirements of Twombly and Iqbal.

Prior to Plaintiff's filing of the instant Complaint, this Court, per United States District Judge Thomas D. Schroeder, expressly warned Plaintiff in another case of his obligation to provide factual support for claims in a complaint:

> The paucity of facts alleged renders the court unable to say with certainty whether an amendment would in fact be futile, although it may likely be so. Accordingly, insofar as it is recommended that the remaining claims be dismissed for failure to provide adequate factual support under [Twombly and Iqbal], they are on this record DISMISSED without prejudice. Fenner is cautioned that his unfamiliarity with the law, while certainly a basis for some liberal treatment as a pro se litigant, will not be regarded as a justification for filing claims lacking any legal or factual bases.

5

Fenner v. Bell, No. 1:08CV367, 2009 WL 6372547, at *1 (M.D.N.C. Nov. 13, 2009) (internal citations and footnote omitted) (emphasis added), aff'd, 375 Fed. Appx. 362 (4th Cir. 2010), petition for cert. filed, No. 10-6952 (U.S. Aug. 30, 2010). Plaintiff's abject failure to heed that prior admonition arguably could warrant dismissal of this case with prejudice; however, out of an abundance of caution, it is recommended that the Court dismiss this action without prejudice, but with an explicit warning that future failures of this sort will result in dismissal with prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's request to proceed as a pauper (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL**.

**IT IS RECOMMENDED** that this action be **DISMISSED** as frivolous and for failing to state a claim under 28 U.S.C. § 1915(e)(2), without prejudice to re-filing, but with an explicit warning to Plaintiff that any future filings made without legal and/or factual support will result in a dismissal with prejudice.

                                             /s/ L. Patrick Auld
                                                  **L. Patrick Auld**
                                     **United States Magistrate Judge**
November 3, 2010